■ AGNES V. STOLZ, as Administratrix of the Estate of HENRY G. STOLZ, Deceased, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Appeal from an order of a Trial Term, Supreme Court, Albany County, and the judgment entered thereon. Reargument ordered, and for this purpose the appeal is placed on the September calendar. Counsel are requested to address themselves especially to the subjects treated in the memorandum being sent them with this decision. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

■ EVA BEZIO, Respondent, v. COUNTY OF CLINTON, Appellant. Dorothy BLAKE, Respondent, v. COUNTY OF CLINTON, Appellant.— Appeals by defendant from judgments in favor of plaintiffs entered in Clinton County upon verdicts rendered at a Trial Term in negligence actions tried together. Plaintiffs-respondents were injured while riding in an automobile operated by Edward Bezio which collided with an automobile operated by one Robare at the intersection of two county highways. The Bezio car was traveling south on Mason Street and the Robare car was proceeding west on Irish Settlement Road. The Bezio car entered the intersection against a stop sign, described as a 24-inch octagonal sign with the word " Stop " in white, reflectorized letters upon a red background, the sign being set in the ground approximately 73 feet from the center of the intersecting highway. There was uncontroverted testimony that the highway upon which plaintiffs were proceeding was straight for ¾ths of a mile from the intersection and that the intersection was visible for a distance of at least 300 feet. Mr. Bezio testified that the sign itself was visible for about 300 feet but that he first saw it some 75 feet ahead, when he was nearly 150 feet from the intersection and proceeding at 35 miles per hour, and that he then applied his brakes and that his car commenced "sliding " and continued 140 or 150 feet to the collision. Plaintiffs' surveyor and other witnesses testified without contradiction that an operator proceeding southerly on Mason Street could see from any point within a distance of 200 feet north of the intersection, a car proceeding westerly on Irish Settlement Road from a point 200 feet easterly of the intersection. The driver, Mr. Bezio, testified that he and one of his passengers observed the Robare car as Mr. Bezio applied his brakes 140 to 150 feet from the intersection. The question submitted to the jury by the court's charge was whether there was "a duty on the part of the County of Clinton to have some other form of warning signs on the Mason Road which warned someone of the fact that there was an intersection or a stop sign or something else ahead of them on that particular road." We find nothing in the evidence as to the circumstances of this intersection to warrant a conclusion that reasonable care required the county to install a different type of sign or an additional advance warning of some nature. (Cf. *Hicks* v. *State of New York*, 4 N Y 2d 1.) On the contrary, the evidence, in aspect most favorable to plaintiffs, compels the conclusion that the sole proximate cause of the accident was the operator Bezio's negligence, which the prevailing conditions of weather and visibility served but to enhance. Judgments reversed, on the law and the facts, and complaints dismissed, with costs to appellant. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur; Herlihy, J., taking no part.